UNITED STATES, Appellee

v.

**Michael S. BREESE, Private First Class, U.S. Army, Appellant.**

No. 94–0495.
Crim.App. No. 9102821.

U.S. Court of Appeals for
the Armed Forces.

Submitted Aug. 16, 1996.

Decided Sept. 3, 1997.

For Appellant: *Lieutenant Colonel Michael L. Walters, Major J. Frank Burnette,* and *Captain Eric S. Krauss* (on brief); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker, Captain Silas R. DeRoma,* and *Captain Michael A. Egan.*

For Appellee: *Colonel John M. Smith, Lieutenant Colonel Eva M. Novak,* and *Captain Joanne P. Tetreault* (on brief); *Lieutenant Colonel James L. Pohl.*

PER CURIAM:

On September 5 and 30, 1991, a military judge sitting as a special court-martial at Bamberg, Germany, convicted appellant of violating a lawful general regulation; aggravated assault (2 specifications); soliciting another soldier to commit assault; communicating a threat; and being drunk and disorderly, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 928, and 934, respectively. He

then sentenced appellant to 3 months' confinement, partial forfeitures, reduction to Private E–1, and a bad-conduct discharge.

In its initial consideration of this case, the Court of Military Review[1] ordered a new staff judge advocate's recommendation and convening authority's action. On further review after those actions were accomplished, that court set aside the findings of guilty to violating a lawful general regulation and dismissed that Charge and specification. Reassessing the sentence in light of this action, the court affirmed the approved sentence.

After considering the initial pleadings, we set aside the decision of the Court of Military Review and returned the record to the Judge Advocate General of the Army for further inquiry into appellant's contention that he "should have been given a full psychiatric examination by a qualified psychiatrist as recommended by the UCMJ Art. 32 investigating officer...." 41 MJ 108 (Daily Journal July 29, 1994). After that action was accomplished, the Army court again affirmed the remaining findings and sentence.[2] We now affirm the decision of the court below.

The somewhat tortured appellate history of this case was precipitated by a comment in the report of the officer appointed to investigate these offenses pursuant to Article 32, UCMJ, 10 USC § 832. In a block on the form provided for his report, the investigating officer indicated that there was no reason to believe "that the accused was not mentally responsible for the offense(s)...." However he also recommended that appellant "undergo a routine psychiatric examination" because he "appear[ed] to have a problem with his ability to control his actions." There was no action taken on this recommendation until our order returning the case to the Judge Advocate General of the Army.

The board of officers who conducted the mental status examination[3] pursuant to our order was unable to determine whether, at the time of his crimes, appellant: suffered from a severe mental disease or defect; had a clinical psychiatric diagnosis; or was able to appreciate the "nature and quality or wrongfulness of his conduct." However, after evaluating appellant's history, the board concluded that these acts apparently were related to the use of alcohol and that appellant "possibly" could be diagnosed as being alcohol dependent. As to his present state of mind, the board found that appellant did not suffer from a mental disease or defect and that he had the capacity to understand and participate in the pending appellate proceedings.

## ISSUES I AND III

■ Appellant first contends that the Government should have directed a sanity inquiry prior to the trial in this case. Second, he asserts that, because the sanity board ordered by this Court could not reach a conclusion as to whether he suffered from a mental disease or defect at the time of his crimes, he is entitled to a second trial on that issue. Appellant is mistaken.

■ It is true that, historically, sanity has occupied a special status in military law. However, to prevail on appeal an accused must convince an appellate court that a "different verdict might reasonably result" if the trier of fact had evidence of a lack of mental responsibility that was not available for consideration at trial. United States v. Dock, 28 MJ 117, 119, 120 (CMA 1989); see also United States v. Young, 43 MJ 196, 197 (1995). Appellant has not provided such evidence. Examining the Article 32 investigating officer's report, it appears that the officer was more concerned with appellant's lack of control in a generic sense, rather than a lack of mental responsibility. Moreover the sanity board opined only. that appellant had problems using alcohol, a fact painfully obvious from a reading of the record of trial. Under these facts, we are satisfied beyond a reasonable doubt that this evidence would not have persuaded the trier of fact to reach a different result as to appellant's guilt.

1. Now the United States Army Court of Criminal Appeals. See 41 MJ 213, 229 n. * (1994).

2. We granted review of three issues. 45 MJ 8.

3. See RCM 706, Manual for Courts–Martial, United States (1995 ed.).

## ISSUE II

■ In a subsidiary attack on his conviction, appellant asserts that his trial defense counsel was ineffective by not seeking a sanity board prior to trial. In light of our conclusion about appellant's mental health, we are certain that the failure to request a sanity board was not serious inadequacy. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 MJ 186, 188 (CMA 1987). Moreover we are satisfied that the results would not have been different had counsel petitioned the convening authority under RCM 706 for a sanity board at the time of trial.

The decision of the United States Army Court of Criminal Appeals is affirmed.